UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MASSI RAZAVI,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>SCOTT KERNAN,<br><br>　　　　　Respondent. | No. 2:18-cv-0030 WBS AC P<br><br>ORDER AND FINDINGS &<br>RECOMMENDATIONS |

**I.　　Introduction**

The petitioner, a former state prisoner proceeding through counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent was ordered to respond to the petition (ECF No. 5), and filed a motion to dismiss on the grounds that the petition is untimely and that seven of the claims are unexhausted (ECF No. 12). For the reasons set forth below, the undersigned recommends that the action be dismissed as time-barred.

**II.　　Background**

Petitioner was convicted by a jury of (1) two counts of domestic battery, (2) two counts of criminal threat, (3) corporal punishment on a spouse, and (4) two counts of child endangerment. ECF No. 1 at 2. On November 25, 2013, the Sacramento County Superior Court sentenced the petitioner to serve an aggregate state prison term of five years and four months plus an additional three years in county jail. Id.; ECF No. 13-1 at 1, ECF No. 13-2 at 1. Petitioner was released on

1

parole on January 18, 2016, and was still on parole at the time he filed the instant petition.[1] ECF. No 2 at 12; ECF No. 12 at 1 fn.1.

### A. Direct Review

Petitioner appealed his sentence, which was affirmed by the appellate court on June 10, 2015. ECF No. 13-2. He then filed a petition for review in the California Supreme Court on July 14, 2015. ECF No. 13-3. The petition was denied on August 19, 2015. ECF No. 13-4. Petitioner did not seek certiorari in the United States Supreme Court. ECF No. 1 at 4.

### B. State Habeas Claims

Petitioner, proceeding pro se, filed a first petition for habeas corpus in the Sacramento County Superior Court on March 16, 2015.[2] ECF No. 13-5. The petition was denied on May 15, 2015. ECF No. 13-6.

He also filed a pro se petition for habeas corpus in the California Court of Appeal, Third Appellate District on March 16, 2015. ECF No. 13-7. That petition was denied on March 26, 2015. ECF No. 13-8.

Petitioner filed another pro se petition for habeas corpus in the Sacramento County Superior Court on October 13, 2015. ECF No. 13-9. The petition was denied on December 10, 2015. ECF No. 13-10.

Finally, the petitioner, through counsel, filed a petition for habeas corpus in the California Supreme Court on February 3, 2017. ECF No. 13-11. The petition was denied on March 1, 2017. ECF No. 13-12

### C. Federal Habeas Petition

The petitioner filed the petition in the current action on January 5, 2018. ECF No. 1.

////

---

[1] Because the petitioner was in the custody of the Sacramento County Probation Department at the time he filed his petition, respondent Scott Kernan requests that Lee Seale, Sacramento County Chief Probation Officer, be substituted as the respondent. This request will be granted.

[2] For any petitions filed while the petitioner was incarcerated and proceeding pro se, he is entitled to the benefit of the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing).

**III. Motion to Dismiss**

Respondent has moved to dismiss the petition as untimely and partially unexhausted. ECF No. 12. Petitioner filed an opposition to the motion, arguing that the petition is made timely by application of equitable tolling. ECF No. 17 at 2-7. Petitioner appears to concede that some of his claims are unexhausted, as he does not challenge respondent's characterization and requests this court grant a stay and abeyance to permit him to return to state court to exhaust the seven unexhausted claims identified by respondent. Id. at 7-12. In reply, the respondent argues that the petitioner is not entitled to equitable tolling; a stay would be futile because the petition is untimely; and, even if the petition was not untimely, the petitioner has not established good cause to stay the petition. ECF No. 18.

**A. Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a state prisoner to seek federal habeas corpus relief within one year after the state conviction becomes final. 28 U.S.C. § 2244(d). The period of direct review includes the ninety-day period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, even if the petitioner chooses not to seek review. Jimenez v. Quarterman, 555 U.S. 113, 119 (2009); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Here, the California Supreme Court denied petitioner's direct appeal on August 19, 2015 (ECF No. 13-4), and he did not petition the United States Supreme Court for writ of certiorari (ECF No. 1 at 4). Petitioner's conviction therefore became final on November 17, 2015, and AEDPA's one-year clock began running on November 18, 2015. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Absent tolling, the petitioner had until November 17, 2016, to timely file a federal habeas petition.

**i. Statutory Tolling**

The statute of limitations is tolled during the time that a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. § 2244(d)(2). "The statute of limitations is not tolled from the time when a direct state appeal becomes final to the

3

time when the first state habeas petition is filed because there is nothing 'pending' during that interval." Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) (citation omitted). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Respondent correctly argues, and petitioner does not dispute, that the March 16, 2015 state petitions had no tolling effect because they were filed and denied before the statute of limitations began to run. ECF No. 12 at 4; ECF No. 17 at 2. The parties also appear to agree that the petitioner is entitled to tolling for a portion of the time the October 13, 2015 petition was pending. ECF No. 12 at 4; ECF No. 17 at 2. Because that petition was pending when petitioner's conviction became final, the statute of limitations was immediately tolled until the pending petition was denied on December 10, 2015. ECF No. 12 at 4; ECF No. 17 at 2. Thus, the statute of limitations began running on December 11, 2015, and expired one-year later, on December 10, 2016. Petitioner filed his petition for writ of habeas corpus with the California Supreme Court on February 3, 2017, fifty-five days after the AEDPA statute of limitations expired. Accordingly, even if that petition was properly filed,[3] it did not toll the statute of limitations unless the statute of limitations was first sufficiently extended by equitable tolling. Without statutory tolling for the pendency of the state supreme court petition, the federal petition was filed 391 days late unless saved by equitable tolling.

### ii. Equitable Tolling

Petitioner is only entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). The court "do[es] not require *actual* impossibility; rather, equitable tolling is appropriate where 'it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so.'" Grant v. Swarthout, 862 F.3d 914, 918 (9th Cir. 2017) (emphasis in original) (quoting Gibbs v.

---

[3] Given that over a year passed between the denial of the petitioner's third state court petition and the filing of his state supreme court petition, there is a high likelihood that the state supreme court petition was untimely and therefore not properly filed. However, it is unnecessary to reach this issue in light of the finding that no equitable tolling is warranted.

4

Legrand, 767 F.3d 879, 888 (9th Cir. 2014)). The petitioner bears the burden of demonstrating that equitable tolling is warranted. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (citation omitted).

Here, petitioner contends that he is entitled to equitable tolling because he experienced the following extraordinary circumstances: his superior court petition was destroyed during a prison raid; the superior court misplaced his case file; and his former counsel experienced a flood and series of health issues that affected himself and his wife, causing him to miss the filing deadline. ECF No. 17 at 2-7. In addition, petitioner argues that these circumstances should be evaluated in light of his own medical issues. Id. at 5-6.

### a. Period of Potential Tolling

As an initial matter, the court notes that petitioner has not identified any specific dates or timeframes during which he experienced the circumstances he claims warrant tolling. The lack of a clear chronology makes it difficult if not impossible to calculate any tolling to which petitioner might be entitled, or to assess his diligence. Regardless of this deficiency in petitioner's showing, however, the court finds for the reasons now explained that petitioner's evidence does not establish extraordinary circumstances or diligence sufficient to support equitable tolling.

### b. Petitioner's Medical Issues

Petitioner argues that the court should evaluate his diligence upon release from prison in light of his health issues, implying that any perceived lack of diligence should be attributed to ill health. ECF No. 17 at 5-6. Specifically, petitioner alleges that he has diabetes and severe spinal cord injuries, and that upon his release from prison he "was suffering from numerous diabetes related complications" that sometimes left him incapacitated and that his "back condition had deteriorated." Id. However, petitioner provides no other information regarding his medical conditions and their interference with his ability to diligently pursue habeas relief during the period at issue. Furthermore, petitioner's declaration states that after his release from custody he was able to handle a number of other matters, such as the "illegal occupation" of his house, reinstating his healthcare, reinstating his driver's license and getting a car and insurance, finalizing his divorce, obtaining documentation regarding his father's estate, and dealing with the

5

IRS. Id. at 16-18, ¶¶ 3-11. Petitioner's ability to address these matters demonstrates that despite his poor health he was capable of the effort required to pursue habeas relief.

### c. Prison Raid and Missing Case File

Although destruction of legal materials can support equitable tolling in some cases,[4] petitioner has not provided an adequate factual basis for such tolling here. Specifically, petitioner has not explained when the alleged prison raid occurred, what specific documents were lost, how long he was without his documents, what steps he took to obtain new copies of his documents, or how the loss affected his ability to file a timely petition. This absence of evidence is fatal to petitioner's invocation of equitable tolling. See Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1013 (9th Cir. 2009) ("Deprivation of legal materials is the type of external impediment for which we have granted equitable tolling. But [petitioner] bears the burden of showing his own diligence and that the hardship caused by lack of access to his materials was an extraordinary circumstance that caused him to file his petition . . . late." (citing Lott v. Mueller, 304 F.3d 918, 924-25 (9th Cir. 2002); Pace, 544 U.S. at 418)).

Petitioner claims that his superior court petition was destroyed during a prison raid. ECF No. 17 at 2. He further claims that after he was released from custody and tried to obtain a copy from the superior court, he was advised that the court had misplaced his previously filed habeas petition, though it was eventually found. Id. at 2, 4. However, there is some confusion as to when the petition was found, as the petitioner argues that his petition was not found "until the middle of 2017" (id. at 4), while his declaration states that he "was able to obtain some of the documents from [his] trial record and the habeas petition . . . in July of 2016" (id. at 19), and his former attorney's declaration states that the petition was found sometime in June of 2016 (id. at 23, ¶ 3). Petitioner's declaration also states that his "entire file was not found by the court until 2017," but he does not specify what additional documents were located at that time. Id. at 19, ¶ 17.

---

[4] Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) ("[I]t is 'unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period' without access to his legal file." (quoting Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003))).

6

The court need not resolve the factual confusion, because petitioner fails to explain why he needed his previous state petition to submit a federal petition. He makes only a conclusory assertion that the state petition was necessary "to know what claims to exhaust in the [California] Supreme Court before proceeding any further." Id. at 5. However, prior to his release from prison petitioner filed three separate state habeas petitions: two in superior court and one in the court of appeals. The petition filed in the court of appeals and the first superior court petition are identical (compare ECF No. 13-5 with ECF No. 13-7), while the second superior court petition appears to provide more in-depth arguments on the same claims raised in the other two petitions (ECF No. 13-9).

Petitioner's reference to the destruction of his petition and its exhibits suggests that it was his second superior court petition which was destroyed and lost by the court, since that appears to be the only state petition accompanied by exhibits. If that is the case, it is unclear why petitioner could not have relied upon his first superior court and appellate court petitions to identifying the claims that needed to be made. Furthermore, even if the petitioner was without all three of his state petitions, respondent argues that petitioner could have consulted his own memory regarding the claims he had previously made. The point is well taken. See United States v. Battles, 362 F.3d 1195, 1198 (9th Cir. 2004) (holding that a petitioner does not require trial transcript to discover what claims are available since he can "at least consult his own memory of the trial proceedings"). Having filed the same claims repeatedly on his own behalf, petitioner was presumably familiar with their gist. Petitioner has offered no explanation why he did not timely file a petition that included his claims to the extent he could remember them.

To the petitioner contends that he needed the exhibits attached to his state petition to proceed, he has failed to demonstrate diligence in attempting to obtain those documents from other sources. Although he does state that he unsuccessfully attempted to get a copy of the attached police reports from his divorce attorney (ECF No. 17 at 19, ¶ 15), he makes no mention of any efforts to obtain those reports from the police department or from trial counsel. Furthermore, the bulk of the remaining exhibits appear to be from a federal bankruptcy proceeding (ECF No. 13-9 at 61-119), and it is unclear why he could not have obtained those

documents from the bankruptcy court.

In sum, petitioner has demonstrated neither the required nexus between the deprivation of his legal materials and his failure to timely file, nor his diligence in this regard. Accordingly, petitioner is not entitled to equitable tolling on grounds that he was deprived of his legal materials.

### d. Former Attorney's Home Flood and Health Problems that Affected Himself and His Wife

The negligence of counsel, including the failure to meet the statute of limitations, does not support equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), cert. denied, 535 U.S. 1055 (2002). Under limited circumstances, however, counsel's malfeasance or sufficiently egregious conduct may support equitable tolling. See, e.g., Holland v. Florida, 560 U.S. 631, 649 (2010) (equitable tolling may be appropriate where post-conviction counsel effectively abandoned client). Where attorney misconduct is asserted as a basis for equitable tolling, courts consider factors including whether the petitioner expeditiously secured counsel to file the habeas petition; the frequency and nature of the attorney-client communications; when, in light of the petitioner's education and background, he reasonably should have sought new counsel; and whether the petitioner had the means to consult alternate counsel. Doe v. Busby, 661 F.3d 1001, 1013 (9th Cir. 2011) (citations omitted).

Here, petitioner asserts that he hired Michael Locks to file his California Supreme Court habeas corpus petition in July 2016, approximately six months after his release from prison. ECF No. 17 at 2. However, Locks suffered some unexpected circumstances when his home office flooded, his wife was hospitalized, and his own health deteriorated. Id. at 2, 4, 23. Locks did not file the state supreme court petition until fifty-five days after the statute of limitations for filing a federal petition had expired.

Petitioner's six-month delay in securing counsel after his release from prison cannot be considered expeditious. The court is mindful of the many difficulties that petitioner faced upon release. However, as previously noted, his ability to handle numerous other legal and bureaucratic problems demonstrates that he was capable of doing so. Petitioner's declaration

8

does not support a finding of diligence, it supports the court's conclusion that petitioner prioritized other matters over his habeas petition. The delay in securing counsel is particularly problematic in light of petitioner's assertion that he was unable to prepare a petition himself because of missing legal materials.[5]

Furthermore, although petitioner states that his attorney was supposed to file his California Supreme Court habeas petition in September 2016, he provides no supporting factual allegations – let alone evidence – regarding the frequency and nature of his communications with Mr. Locks, or demonstrating that he contacted Locks regarding the deadline or attempted to retrieve his documents. ECF No. 17 at 19-20. Petitioner also fails to specify when the flood occurred, when Locks' wife was hospitalized, or when these impediments were resolved. Presumably, Locks intended to and was capable of timely filing at the time he was hired, and his personal issues obviously resolved at some point since he did eventually file a petition.

It is petitioner's burden to establish that the asserted extraordinary circumstances were the cause of his untimeliness. Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). Here petitioner has identified a number of factors that contributed to Locks' delay, but he has not established that any of them – singly or in combination – caused the delay. Petitioner's evidence fails to establish more than ordinary negligence on Locks' part, which does not rise to the level of egregious conduct that has been found to warrant equitable tolling. See, e.g., Spitsyn, 345 F.3d at 801 (statute of limitations equitably tolled where attorney was retained nearly a year prior to deadline to prepare and file a habeas petition for incarcerated inmate, failed to do so, and then disregarded requests to return files pertaining to the case until well after the petition was due); Holland, 560 U.S. at 652 (petitioner was potentially entitled to equitable tolling where counsel appeared to be unaware of when the statute of limitations expired, missed the deadline despite numerous letters from petitioner stressing importance of timely filing, failed to inform petitioner that state petition had been denied, and failed to communicate with petitioner over a period of years despite pleas

---

[5] Although the petitioner does not specify when he began his search for counsel, the implication is that he did not begin looking until he obtained a copy of his state petition in July 2016. ECF No. 17 at 19, ¶ 17.

9

for a response); Gibbs, 767 F.3d at 886 ("Failure to inform a client that his case has been decided, particularly where that decision implicates the client's ability to bring further proceedings *and* the attorney has committed himself to informing his client of such a development, constitutes attorney abandonment." (emphasis in original) (citation omitted)); Foley v. Biter, 793 F.3d 998, 1003 (9th Cir. 2015) (equitable tolling warranted where counsel failed to communicate with client, failed to notify client that his habeas petition had been denied, and failed to withdraw as counsel so client could be served directly, where client believed counsel was representing him and expected a long delay before receiving a decision from the district court).

Locks' personal misfortunes do not warrant equitable tolling because he did not abandon petitioner, and because petitioner did not diligently follow up regarding his petition. Moreover, the declarations petitioner has submitted establish only that Locks was hired to file a state supreme court petition. Petitioner has not presented evidence that he relied on counsel to file a federal petition, and nothing prevented petitioner from filing his own petition in federal court.[6]

In sum, petitioner is not entitled to equitable tolling on the basis of his former attorney's delays because: he failed to demonstrate effective abandonment; he provides no dates for the allegedly extraordinary events and therefore fails to prove causation; he has not established his own due diligence; and he was not relying on Locks to file a federal habeas corpus petition.

### e.  Conclusion

For all the reasons set forth above, petitioner is not entitled to equitable tolling. First, he has failed to provide sufficient facts and dates regarding any of the alleged extraordinary circumstances. He also fails to explain with any specificity how the loss of his documents affected his ability to file a petition or what steps he took to try and recover the necessary documents. Finally, his former attorney's misfortunes appear to be the result of mere negligence

////

---

[6] Although a federal petition would have been partially unexhausted, petitioner could have moved for a stay while he finished pursuing his state court remedies. Pace, 544 U.S. at 416 (a petitioner seeking state post-conviction relief can file "a 'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted" (citing Rhines v. Weber, 544 U.S. 269, 278 (2005))).

and the petitioner has not shown that he acted diligently by following-up with his attorney or attempting to retrieve his documents.

**IV.     Exhaustion**

Habeas petitioners are required to exhaust state court remedies before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violations without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). Federal district courts may not adjudicate petitions for habeas corpus which contain both exhausted and unexhausted claims. Id. at 522. This does not mean, however, that a so-called "mixed petition" must be dismissed. District courts have the authority to issue stays to allow petitioners to return to state court to exhaust their state remedies where proper. Rhines v. Weber, 544 U.S. 269, 276-77 (2005).

In this case, respondent argues and petitioner does not dispute that petitioner failed to exhaust his state court remedies for Claims Five, Eight, Twelve, Fourteen, Seventeen, Nineteen, and Twenty-One, making this a mixed petition. ECF No. 12 at 6; ECF No. 17 at 7-12. At hearing on the motion to dismiss, petitioner conceded that if his petition was untimely, the exhaustion issues and request for a stay would be moot. The court has concluded that petitioner's federal habeas petition is untimely and not entitled to equitable tolling. Further exhaustion would therefore be futile, because the additional claims would also be time-barred.[7] Accordingly, petitioner's request for a stay in order to exhaust his claims is moot.

**V.     Certificate of Appealability**

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether

---

[7] All 21 claims in the federal petition are based on facts known to petitioner at the time of his trial and sentencing.

11

the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

Accordingly, IT IS HEREBY ORDERED that Lee Seale is substituted as the respondent and the Clerk of the Court is directed to update the docket accordingly.

IT IS FURTHER RECOMMENDED that:

1. The respondent's motion to dismiss (ECF No. 12) be granted and the petitioner's application for a writ of habeas corpus be dismissed as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 24, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE